# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. David Sompet Powers*
Case No. 1:21-cr-00008-TMB-MMS

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant David Sompet Powers's appeal of the Chief Magistrate Judge's March 24, 2022, detention order at Docket 239 (the "Appeal").[1] At the Court's request, the Government filed a response to the Appeal.[2] The Government opposes the Appeal.[3] For the following reasons, the Appeal is **DENIED**.

On March 18, 2022, the Government filed a First Superseding Indictment ("Superseding Indictment") against Powers.[4] The Superseding Indictment charges Powers with the following: **Count 1**, drug conspiracy, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), (B), and (C); **Count 2**, possession of firearms and silencers in furtherance of drug trafficking, in violation of 18 U.S.C. §§ 924(c)(1)(B)(ii) and 924(c)(1)(A)(i) and (ii); and **Count 3**, possession of a machinegun in furtherance of drug trafficking, in violation of 18 U.S.C. §§ 924 (c)(1)(B)(ii).[5]

At the time the Superseding Indictment was filed, Powers had already moved for release from detention in advance of trial (the "Motion").[6] The Motion does not identify the underlying authority for his request. Powers argues that his release from custody is necessary for two reasons: first, to facilitate his review of "terabytes of discovery that includes: police reports, videos, pictures, lab results, video recordings,"[7] and second, because he is at high risk for severe illness from COVID due to his age and "lung issues."[8] Powers also offers the following plan if he is released while he awaits trial:

---

[1] Dkt. 255 (Appeal).
[2] Dkt. 281 (Opposition).
[3] *Id.*
[4] Dkt. 230 (First Superseding Indictment).
[5] *See id.*
[6] Dkt. 214 (Motion for Detention Release); *see also* Dkt. 113 (Minute Entry) (Chief Magistrate Judge Scoble denied Powers's proposed release plan).
[7] Dkt. 214 at 2.
[8] *Id.* at 3 (Powers does not provide documentation of his lung issues, but states "he has oxygen in his blood issues.").

1

> George Craig . . . has funds to rent a place for a couple of months for Mr. Powers to review discovery. Mr. Craig cannot be Mr. Powers third-party. Mr. Craig has a laptop and a vehicle with insurance for Mr. Powers to drive. This arrangement would allow better access to the discovery. The defendant would be on house arrest with ankle monitor and subject to UA's. He would not be able to leave the residence without permission of the probation officer.[9]

The Government opposes Powers's request for temporary release because he has not demonstrated that his release is "necessary for preparation of [his] defense or for another compelling reason."[10] According to the Government, (1) Powers can adequately review discovery from Lemon Creek Correctional Center ("LCCC"), and (2) Powers fails to establish COVID-19 is a compelling reason to permit his temporary release under 18 U.S.C. § 3142(i).[11] In its Opposition to the underlying Motion, the Government also asserts that it is concerned that the plan set forth by Powers "does nothing to prevent the illegal possession of firearms by the defendant or use of narcotics and is no different than the original plan that the Court has already rejected."[12] Specifically, the Government takes issue with the fact that the plan "still allows Powers to live on his own to be unsupervised, including allowing him to travel, or to have persons arrive at his location and allows him to do what he wants."[13] Pretrial Services also opposed the release plan.[14]

At the March 24, 2022, hearing, the Court heard argument from Powers regarding the Motion for Release from Custody.[15] George Craig testified that "there were funds available for a hotel room and board" and "[h]e would provide a laptop to review discovery."[16] The Court denied Powers's Motion for Release from Custody.[17]

Pursuant to 18 U.S.C. § 3142(i), the Court may order "the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." Where temporary release is denied "by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."[18] The district court is to make its own "de novo"

---

[9] *Id.*
[10] 18 U.S.C. § 3142(i); *see generally* Dkt. 281.
[11] *Id.* at 4–5.
[12] Dkt. 226 at 5.
[13] *Id.*
[14] Dkt. 236 (U.S. Probation and Pretrial Services Status Update).
[15] Dkt. 239 (Minute Entry).
[16] Dkt. 255 at 6.
[17] Dkt. 239.
[18] 18 U.S.C. § 3145(b).

determination of facts when reviewing a magistrate judge's order denying pretrial release from detention.[19] Any motion appealing a detention order "shall be determined promptly."[20]

The Court finds that Powers has not demonstrated that his temporary release is necessary for preparation of his defense or for another compelling reason. First, it is not clear that Powers's release is necessary. In his Appeal brief, Powers identies problems he has encountered as he has tried to review the discovery in this case. But his release will not necessarily solve those problems. And as the Court understands the parties' representations in court, some of the early technical issues that slowed discovery have since been resolved.[21] In addition, the Court has continued trial to provide Powers additional time to prepare and LCCC has agreed to allow Powers eight hours a day to review discovery while he is in custody.[22]

Second, Powers argues he should be released because he is susceptible to COVID-19, yet Powers provides no proof of his health conditions that he asserts place him at a heightened risk of severe COVID. Further, even if Powers has "lung issues," he has not shown that those issues would give rise to a compelling reason to justify his release, particularly given the availability of vaccines, treatments, and medications.[23]

For these reasons, Defendant Powers's Appeal at Docket 255 is **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: June 22, 2022.

---

[19] *See United States v. Koenig*, 912 F.2d 1190, 1192–93 (9th Cir. 1990).
[20] 18 U.S.C. § 3145(b).
[21] *See* Dkt. 278 (Amended Minute Entry).
[22] *See* Dkt. 281 at 5.
[23] Centers for Disease Control and Prevention, COVID-19 Treatments and Medications https://www.cdc.gov/coronavirus/2019-ncov/your-health/treatments-for-severe-illness.html (last updated Apr. 29, 2022).