IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>DAVID SOMPET POWERS (1) and<br>KEONI TIMOTHY BISCHOFF (3),<br><br>                    Defendants. | Case No. 1:21-cr-00008-TMB<br><br>ORDER ON DEFENDANTS DAVID POWERS AND KEONI BISCHOFF'S JOINT MOTION TO TRANSFER TRIAL LOCATION TO ANCHORAGE (DKT. 585) |

This matter comes before the Court on Defendants David Powers and Keoni Bischoff's Joint Motion to Transfer the Trial Location to Anchorage (the "Motion").[1] The Government opposes the Motion (the "Opposition").[2] The Court heard argument from the parties at a hearing on February 5, 2025 (the "Motion Hearing"). At the hearing, the Court ordered the Government to provide an anonymous list of its witnesses and their city of domicile. During the hearing, counsel for the Government had difficulties identifying the number of witnesses it expects to call at trial. The Court now determines that a list of witnesses would be of limited value. For the following reasons, the Motion at Docket 585 is **GRANTED**.

---

[1] Dkt. 585 (Motion).
[2] Dkt. 586 (Government's Response in Opposition) at 1.

1

## I. BACKGROUND

This a multi-defendant case in which the Government alleges the defendants conspired to traffic illegal substances from Washington State to sell in Juneau, Alaska.[3] The trial of defendants David Sompet Powers and Keoni Timothy Bischoff (collectively "the Defendants") is currently set for April 21, 2025, in Juneau, Alaska.[4] The trial was originally set for June 20, 2022,[5] and has been continued six times.[6]

In the Motion, the Defendants ask the Court to move the trial location from Juneau, Alaska to Anchorage, Alaska.[7] The Defendants argue that Anchorage is a more convenient location for the defense and that the Defendants cannot receive a fair trial in Juneau.[8]

In opposing the Motion, the Government argues: (1) most of the alleged criminal activities and investigation occurred in Juneau and other Southeast Alaska communities; (2) Juneau is much more convenient for Government witnesses, law enforcement witnesses, and civilian witnesses; (3) conducting the trial in Juneau does not negatively impact the prompt administration of justice; and (4) the Defendants would not suffer undue prejudice if tried in Juneau.[9]

---

[3] Dkt. 15 (Indictment) at 2–3.
[4] Dkt. 579 (Minute Entry for Status Conference Held November 13, 2024).
[5] Dkt. 170 (Amended Minute Entry Setting Trial).
[6] *See* Dkt. 283 (Amended Minute Entry Granting Defendants' Unopposed Motion to Continue Trial); Dkt. 364 (Minute Entry Granting Powers's Unopposed Motion to Continue Trial); Dkt. 399 (Minute Entry Granting Defendants' Unopposed Motion to Continue Trial); Dkt. 419 (Minute Entry Granting Defendant's Opposed Oral Motion to Continue Trial); Dkt. 491 (Minute Entry Granting Joint Motion to Continue Trial); Dkt. 579 (Minute Entry Granting Joint Motion to Continue Trial).
[7] Dkt. 585 at 1.
[8] *Id.* at 2, 5.
[9] Dkt. 586 at 5, 7–9.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 18 provides that the district court "must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." A change of court-created divisions within a district is distinct from change of venue.[10]

The district court has discretion to set the location of the trial within a district with respect to convenience and the prompt administration of justice.[11] Factors district courts have considered in determining where to conduct a trial within a district include convenience of the witnesses, the availability of courtroom resources, the effect of a transfer on other matters before the court, pretrial publicity, and travel burdens and expenses on the parties.[12]

## III. DISCUSSION

As a preliminary matter, while the Defendants make their arguments as a Federal Rule of Criminal Procedure 21 motion to change venue, the Court will construe their arguments as a motion under Rule 18 for intra-district transfer.[13] The Court finds that the present circumstances support moving the trial to Anchorage under the factors considered by Rule 18. While convenience to the witnesses favors keeping the trial in Juneau, Court resources and convenience to the Defendants weighs in favor of moving the trial to

---

[10] *United States v. Clark*, 416 F.2d 63, 64 (9th Cir. 1969).
[11] *United States v. Scholl*, 166 F.3d 964, 970 (9th Cir. 1999), *as amended on denial of reh'g* (Mar. 17, 1999).
[12] *Id.*
[13] Rule 18 governs intra-district location changes, while Rule 21 governs transfers out of the district. *Clark*, 416 F.2d at 64.

Anchorage. The impact of pre-trial publicity and failures of the Government to provide discovery do not support the Motion.

    A. *Convenience to the Defendants Weighs in Favor of Changing the Trial Location*

Convenience to the Defendants weighs in favor of moving the trial to Anchorage. The Defendants argue that Anchorage is a more convenient location for the Defendants.[14] The Defendants currently reside in Anchorage.[15] Both defense counsel teams also reside in Anchorage.[16] The Defendants estimate lodging and airfare costs of $19,920 for the defense to travel to Juneau for the three-week trial.[17] The Defendants further argue that it will be "difficult logistically for the defense to conduct trial" in Juneau.[18] Additionally, they assert that it will be "a huge endeavor to transport to Juneau all of the computer equipment necessary to conduct the trial."[19] At the Motion Hearing, the Defendants informed the Court that neither defendant has a domicile in Juneau, and that because the Criminal Justice Act does not allow funds for defendant accommodations during a trial, the Defendants would incur substantial personal expenses if the approximately three-week trial were held in Juneau. Additionally, one Defendant is receiving medical treatment in Anchorage that may be difficult to establish temporarily in Juneau.

---

[14] Dkt. 585 at 2.
[15] *Id.* at 3.
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.* at 3–4.

4

The Government argues that the inconvenience to the defense does not require moving the trial to Anchorage for three reasons.[20] One, the Government states that a criminal defendant does not have a constitutional right to a trial in a particular division within a district.[21] Two, the Government argues that "courts have denied transfers where the inconvenience to the defendants and their lawyers was much greater" than the two-hour flight between Anchorage and Juneau.[22] Three, the Government asserts that Juneau is not "unreasonably inconvenient for the defense counsel."[23] The Government argues that counsel for the Defendants facilitated the Defendants' move to Anchorage to better prepare for trial, that the Cloud-based discovery system will be convenient for trial in Juneau, that direct flights are available between Anchorage and Juneau, and that the courtroom in Juneau is equipped with modern electronic case presentation systems.[24]

Rule 18 requires that the Court set the place of trial with due regard for the convenience of the defendant.[25] Though the Court notes that while the majority of the charged conduct occurred in Juneau and other Southeast Alaska communities,[26] the Defendants currently live in Anchorage.[27] Counsel for the Defendants are also located in Anchorage.[28] The costs of the defense team's travel, while substantial, does not weigh for

---

[20] Dkt. 586 at 5.
[21] Dkt. 586 at 5 (citing Fed R. Crim P. 18 Advisory Committee Note to the 1966 amendments).
[22] *Id.* at 6 (citing *United States v. Alvarez*, 561 F. App'x 375, 381 (5th Cir. 2014); *Scholl*, 166 F.3d at 969).
[23] *Id.* at 6–7.
[24] *Id.*
[25] Fed. R. Crim. P. 18.
[26] Dkt. 15 (Indictment) at 3–7.
[27] Dkt. 585 at 3.
[28] *Id.*

or against moving the trial. The costs of the defense and the prosecution will be paid by the public, and one or the other will incur travel costs.[29] Finally, while the Government's position on the Cloud-based discovery system and similar courtroom technology in Juneau is well taken,[30] the Court also recognizes the difficulty of conducting a trial away from counsels' home offices. Thus, the Court finds that the convenience to the Defendants weighs in favor of having the trial in Anchorage.

   B. *Convenience to the Witnesses Weighs Slightly Against Change in Trial Location*

The convenience to the witnesses slightly supports having the trial in Juneau, though it is unclear to the Court exactly how many Government witnesses are located in Juneau. The Defendants expect to call one expert witness who is located out of state.[31] In its Opposition, the Government states it expects to call 12–15 witness who will need to travel from Southeast Alaska to Anchorage.[32] The Government's anticipated witnesses include individuals from the Federal Bureau of Investigations, Drug Enforcement Agency (DEA), United States Coast Guard Investigative Services, Juneau Police Department, and Alaska State Troopers, as well as civilian witnesses.[33] The Government states that law enforcement witnesses "primarily live and work in Juneau and Southeast Alaska" and the "majority" of civilian witnesses live in Juneau.[34] The Government argues that flight delays and weather-related cancellations may prevent the timely presentation of evidence and witness

---

[29] *See Id.*
[30] *See* Dkt. 586 at 7.
[31] Dkt. 585 at 4.
[32] Dkt. 586 at 8.
[33] *Id.* at 7.
[34] *Id.*

6

testimony.[35] However, at the Motion Hearing, the Government initially told the Court it expected to pare down the number of witnesses it will call at trial. The Government then revised its number of expected witnesses *up* to 20–25. Due to the confusion of Government counsel as to how many witnesses it expects to call and those witnesses' present domiciles, the Court has limited confidence that additional information would help elucidate the issue. Therefore, the Government is not required to file a list of witnesses and the Court rules on the matter with the facts before it.

The Court must consider convenience to witnesses.[36] Some number of Government witnesses are domiciled in Juneau, while others are located outside the District of Alaska or in other communities within the District. The Court recognizes that arranging travel for Juneau-based witnesses to testify in Anchorage will be a logistical challenge. However, because several witnesses will have to travel regardless of the trial location, this factor only weighs slightly in favor of conducting the trial in Juneau.

### C. Courtroom Resources Weigh in Favor of Change in Trial Location

Though neither party briefed the issue, the impact on other judicial proceedings and on court resources weighs in favor of moving the trial to Anchorage. The United States District Court for the District of Alaska's Juneau Division is currently staffed with only one local staff member. As this Court previously noted, "the need to transport court personnel, including a jury clerk, an in-court deputy, [court reporter], and chambers staff to Juneau . .

---

[35] *Id.*
[36] Fed. R. Crim. P. 18.

. weighs in favor of holding the trial in Anchorage."[37] The substantial party of court personnel who would have to travel to Juneau would be significantly limited in their ability work on other matters for the duration of the three-week trial. Therefore, courtroom resources and the impact on other matters favor moving the trial to Anchorage.

### D. Pretrial Publicity and Potential Prejudice Does Not Weigh in Favor of a Change in Trial Location

The impact of pretrial publicity and potential prejudice does not warrant a change in trial location. The Defendants argue that they cannot receive a fair trial in Juneau because Juneau's relatively small population combined with media reports about the charged conduct have irredeemably tainted the jury pool.[38] The Defendants reference press releases from the DEA and Department of Justice (DOJ) announcing the arrests and an Alaska's News Source online article about the indictment.[39] The Government argues that the level of pre-trial publicity in this case does not prejudice the defendants and does not warrant moving the trial.[40]

---

[37] *United States v. Kott*, No. 3:07 CR 00056 JWS, 2007 WL 2220444, at *4 (D. Alaska Aug. 1, 2007); *see also United States v. Tomlinson*, No. 1:23-CR-00326-AKB, 2024 WL 474538, at *3 (D. Idaho Feb. 7, 2024) ("The Eastern Division [of the District of Idaho] is also an inconvenient location for court personnel, including the courtroom deputy, the court reporter, the law clerks, and potentially the court's technical support—all of whom reside in the Boise area but would have to travel to and stay in Pocatello for purposes of proceedings in this case. Further, the Court would be unable to handle other criminal matters in the Southern Division—such as pleas and sentencings—during the two weeks a trial in this case was ongoing in the Eastern Division.").
[38] Dkt. 585 at 7–8.
[39] *Id.* at 7.
[40] Dkt. 586 at 9–10.

The Court finds that the modest media coverage of this case does not require moving the trial from Juneau.[41] Unlike the cases cited by the Defendants, the media coverage in this case has not created "a trial atmosphere . . . utterly corrupted by press coverage."[42]

### E. Discovery Issues Do Not Merit a Change in Trial Location

The Defendants argue that moving the trial to Anchorage is an appropriate sanction for the discovery issues that have plagued this litigation.[43] The Defendants point to 42.94 GB of discovery, the equivalent of 500 banker boxes, produced in 2024 that should have been made available to the defense in 2021.[44] The Government does not address the Defendants' argument regarding transfer of the trial to Anchorage as a sanction for discovery delays.[45]

The Court recognizes the Defendants' frustration with the numerous discovery disclosure problems that have substantially delayed this trial. Previously, the Government has acknowledged that discoverable information was "missed due to human error," but asserts that the "non-disclosures were not intentional."[46] Both parties have noted the substantial volume of discovery in this case.[47] The Court has discretion to impose sanctions against a party for failure to comply with a discovery order.[48] However, the Court does not

---

[41] *See* Dkt. 585 at 7.
[42] *Murphy v. Florida*, 421 U.S. 794 (1975).
[43] Dkt. 585 at 5.
[44] *Id.* at 4–5.
[45] *See* Dkt. 586 (absence).
[46] Dkt. 583 (Response to the Court's Order Regarding Status of Discovery) at 9.
[47] Dkt. 585 at 4–5; Dkt. 583 at 7–8.
[48] *United States v. Baxter*, 492 F.2d 150, 174 (9th Cir. 1973).

9

find that transfer of the trial to Anchorage is an appropriate sanction for the Government's difficulties disclosing discoverable information.

## IV. CONCLUSION

While convenience to the witnesses weigh in favor of conducting the trial in Juneau, and pretrial publicity and discovery delays do not support moving the trial to Anchorage, the Court finds that those factors are outweighed by the inconvenience to the Defendants and the effect on Court resources which strongly support transferring the trial to Anchorage.

For the foregoing reasons, the Motion is **GRANTED**.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 5th day of February 2025.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE