IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States of America v. David Sompet Powers and Keoni Timothy Bischoff*
1:21-cr-00008-TMB-MMS

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant David Sompet Powers's Motion to Suppress, joined by Defendant Keoni Timothy Bischoff, (the "Motion").[1] Plaintiff United States of America opposes the Motion.[2] Following an evidentiary hearing and opportunity to object, the Magistrate Judge issued a Final Report and Recommendation ("Final R&R").[3] The Court recommitted the matter twice to determine the scope of suppression,[4] and after an additional evidentiary hearing,[5] the Magistrate Judge issued a Second Revised Final Report and Recommendation ("Second Revised Final R&R") recommending the Court grant the Motion as to Powers and deny the Motion as to Bischoff.[6] For the reasons discussed below, the Court **ACCEPTS and ADOPTS without modification** the Second Revised Final R&R at Docket 811. The Court **GRANTS** the Motion at Docket 614 as to David Powers *only* and **DENIES** the Motion as to Keoni Bischoff.

A. Background

The Motion seeks to suppress evidence derived from the search of an iPhone 11 that was seized from Co-Defendant Janel Davis's vehicle on May 6, 2020.[7] Plaintiff United States of America opposes the Motion.[8] Following a three day evidentiary hearing, the Magistrate Judge issued a Final R&R recommending the Court grant the Motion as to Powers and deny the Motion as to Bischoff.[9] The Government, Powers, and Bischoff each filed objections to the Final R&R.[10]

---

[1] Dkt. 614 (David Powers's Motion to Suppress); Dkt. 637 (Keoni Bischoff's Motion to Join the Motion to Suppress).
[2] Dkt. 639 (Government Response in Opposition to Powers's Motion to Suppress).
[3] Dkt. 719 (Final Report and Recommendation on Motion to Suppress).
[4] Dkts. 730 (Order Recommitting Final R&R), 759 (Second Order Recommitting Final R&R).
[5] Dkt. 803 (Transcript for Proceedings held on August 5, 2025).
[6] Dkt. 811 (Second Revised Final Report and Recommendation on Motion to Suppress) at 2.
[7] Dkt. 614 at 1.
[8] Dkt. 639 (Government Response in Opposition to Powers's Motion to Suppress).
[9] Dkts. 699, 706, 709 (Transcripts of Proceedings held on March 20, 21, and 24, 2025); Dkt. 719 (Final Report and Recommendation on Motion to Suppress) at 43.
[10] Dkts. 722 (Government's Objections to the Final R&R), 723 (Powers's Objection to the Final R&R), 724 (Bischoff's Objections to the Final R&R).

Pursuant to 28 U.S.C. § 636(b)(C), the Court recommitted the Final R&R to the Magistrate Judge to determine the specific scope of the evidence to be suppressed.[11] The Magistrate Judge ordered the parties to meet and confer on the scope of the evidence to be suppressed.[12] After doing so, the parties filed separate status reports addressing the issue of scope.[13] The Government maintained that "there was no legal basis to exclude any evidence other than Davis's cell phone and the contents form that phone."[14] Powers argued that all later obtained evidence was tainted by the unlawful search of the iPhone.[15] Powers also stated that if the Court planned to consider exceptions to the exclusionary rule, additional discovery would be needed.[16] Bischoff requested that "all evidence acquired as a result of evidence obtained from the phone be suppressed as 'fruit of the poisonous tree.'"[17]

As a result, the Magistrate Judge issued a first Revised Final R&R recommending that the entire subsequent investigation into Powers is presumptively subject to suppression.[18] The Magistrate Judge also took up the parties' objections to the previous Final R&R and declined to modify its recommendation beyond amending certain clerical errors.[19]

The parties were given a second opportunity to make objections to the Magistrate Judge's recommendation.[20] The Government objected, arguing multiple exceptions to the exclusionary rule applied.[21] Powers replied to the Government's objection, arguing that no exceptions applied and the entire investigation must be suppressed.[22] Upon the Court's order, the Government responded to Powers's Reply and offered additional evidence as to the inapplicability of the exclusionary rule.[23]

In light of the arguments and evidence presented by the parties, the Court again recommitted the matter to the Magistrate Judge to determine if an exception to the exclusionary rule applied to the scope of suppression.[24] Another evidentiary hearing was held on August 5, 2025.[25] Following a

---

[11] Dkt. 730.
[12] Dkt. 732 (Text Order).
[13] Dkt. 735 (Government's Status Report); Dkt. 736 (Powers's Status Report); Dkt. 742 (Bischoff's Status Report).
[14] Dkt. 735 at 2.
[15] Dkt. 736 at 12.
[16] *Id.* at 13.
[17] Dkt. 742 at 2.
[18] Dkt. 749 (Revised Final R&R) at 42–47.
[19] *Id.* at 47–51.
[20] Dkt. 750 (Minute Entry).
[21] Dkt. 751-2 (Government's Sealed Motion).
[22] Dkt. 753-1 (Power's Reply in Opposition).
[23] Dkt. 755 (Order Setting Deadline); Dkt. 756 (Government's Response).
[24] Dkt. 759 (Second Order Recommitting Final R&R).
[25] Dkt. 803.

Superseding Initial Report and Recommendation,[26] the Government and Powers filed additional objections, and Powers replied to the Government's objections.[27] The Magistrate Judge issued a Second Revised Final Report and Recommendation ("Second Revised Final R&R") addressing the objections and again recommending the Court grant the Motion as to Powers and deny the Motion as to Bischoff.[28]

The Government then objected to the Second Superseding Final R&R, reiterating its previous objections regarding standing and attenuation.[29] The Government did not expand further on its previous objection to standing.[30] As to attenuation, it addressed the three factors: temporal proximity, intervening circumstances, and purpose and flagrancy of the misconduct.[31] It argues that any misconduct was "at most . . . negligent" and "nowhere near the level of misconduct identified" in Ninth Circuit case law "justifying suppression of evidence."[32] It states that the search of the iPhone took place months before other significant steps in the investigation, and it argues that the much of the investigation is supported by untainted evidence.[33]

Powers replied to the Government's Objections and provided supplemental authority to his previous argument contained in his Reply at Docket 810.[34] Powers argues that the time has passed for objections to the Magistrate Judge's factual determinations and, even if it has not, the Magistrate Judge's conclusions rely on credibility findings which are well supported by the record.[35] Powers contends that the Magistrate Judge correctly determined that the evidence from the subsequent investigation was not attenuated from the unlawful search of the iPhone and that Powers has standing to challenge the search of the iPhone.[36]

The Notice of Supplemental Authority at Docket 817 is well taken.

   B. *Legal Standard*

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1), which provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations

---

[26] Dkt. 806 (Superseding Initial Report and Recommendation).
[27] Dkts. 808 (Government's Objections to the Superseding Initial R&R), 809 (Powers's Objection to the Superseding Initial R&R), 810 (Power's Reply to Government's Objection).
[28] Dkt. 811 (Second Revised Final Report and Recommendation on Motion to Suppress).
[29] Dkt. 813 (Government's Objection to Second Revised Final R&R). *See also* Dkt. 722 (objecting to standing); 808 (objecting to standing and attenuation).
[30] Dkt. 813 at 2.
[31] *Id.* at 3, 7.
[32] *Id.* at 6.
[33] *Id.* at 7.
[34] Dkt. 816 (Power's Reply to Government's Objection to Second Revised Final R&R); Dkt. 817 (Notice of Supplemental Authority).
[35] Dkt. 816 at 2–12.
[36] *Id.* at 4–12.

made by the magistrate judge" and shall review objections *de novo*.[37] For topics on which no objections are filed, "[n]either the Constitution nor [28 U.S.C. § 636(b)(1)] requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct."[38]

A defendant's standing to claim a violation of his or her Fourth Amendment rights depends upon "whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place."[39] A defendant who does not have an ownership interest in the searched property may have standing to challenge a search if the defendant can show "joint control" or "common authority" over the property.[40]

The exclusionary rule bars the admission of evidence obtained in violation of the Constitution.[41] Three exceptions permit the admission of evidence derived from official misconduct: (1) the "independent source" exception, (2) the "attenuated basis" exception, and (3) the "inevitable discovery" exception.[42] To determine if evidence is attenuated from an unlawful search, courts consider the temporal proximity between the unconstitutional conduct and the discovery of evidence, the presence of intervening circumstances, and the purpose and flagrancy of the official misconduct.[43]

C. Discussion

Pursuant to statute, the Court has reviewed the Second Revised Final R&R, the record, and applicable law.[44] The Court accepts and adopts the recommendation of the Magistrate Judge contained in the Second Revised Final R&R without modification.

---

[37] 28 U.S.C. § 636(b)(1).
[38] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").
[39] *United States v. Thomas*, 447 F.3d 1191, 1196 (9th Cir. 2006) (quoting *Rakas v. Illinois*, 439 U.S. 128, 143 (1978)).
[40] *Id.* at 1198.
[41] *United States v. Ramirez-Sandoval*, 872 F.2d 1392, 1395 (9th Cir. 1989).
[42] *Id.* at 1396.
[43] *Utah v. Strieff*, 579 U.S. 232, 239 (2016).
[44] 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy [of the magistrate judge's proposed findings and recommendations], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

The parties had multiple opportunities to object to the Magistrate Judge's recommendation,[45] and no further objections to the Second Revised Final R&R were authorized.[46] Notwithstanding the Government's numerous prior opportunities,[47] the Court will nonetheless address the merits of the Government's Objections. For the same reasons cited by the Magistrate Judge in the Second Revised Final R&R,[48] the Court is not persuaded by the Government's objections.

1. <u>Powers has standing to challenge the search of the phone</u>.

Powers had joint control and usage of the cellphone.[49] Therefore, Powers has standing to assert a privacy interest in Ms. Davis's iPhone and to challenge its search.[50] For that reason, and the reasons articulated in the Second Revised Final R&R, the Court agrees with the recommendation of the Magistrate Judge.

2. <u>Evidence is not attenuated.</u>

The Government has failed to show that any evidence in its possession is attenuated from the unlawful search of the iPhone on May 6, 2020. The first factor, the temporal proximity of the search with the Title III warrant, weighs in favor of the Government, because the warrant was not sought close in time to the unlawful search of the iPhone.[51]

However, the second and third factors, the presence of intervening circumstances and the purpose and flagrancy of the official misconduct, weigh against the Government. Upon this Court's review of the record, it has found no intervening event between the unlawful iPhone search and the remainder of the investigation. In fact, FBI Special Agent Matthew Judy testified at the August 5, 2025, evidentiary hearing, that the iPhone search "initiated the FBI investigation" and that key information used in the pen register/trap and trace warrant, the Title III warrant, the decision to install pole cameras outside Powers's shop and house, and the decision to contact Confidential Source 1 ("CS1") was derived from the unlawful search of the iPhone.[52] As to the flagrancy of law enforcement's misconduct, the Magistrate Judge accurately summarized the numerous violations which occurred at the onset of this investigation.[53] The Court agrees with the Magistrate Judge that such constitutional violations are severe and necessitate appropriate consequences. Consequently, the Court finds that none of the evidence derived from the subsequent investigation is attenuated from the taint of the unlawful search of the iPhone.

---

[45] Dkt. 806 at 66 (granting right to object); Dkt. 749 at 51 (same); Dkt. 719 at 43 (same).
[46] Dkt. 811 at 69 ("No further objections are authorized at this time, and any motions for leave to do so are to be submitted to [the District Judge].").
[47] *See* Dkts. 808, 751-2, 722.
[48] Dkt. 811 at 47–51, 66–69.
[49] Dkt. 811 at 25–29; *see United States v. Thomas*, 447 F.3d 1191, 1198 (9th Cir. 2006) ("[A] defendant who lacks an ownership interest may still have standing to challenge a search, upon a showing of 'joint control' or 'common authority' over the property searched.").
[50] Dkt. 811 at 25–29.
[51] Defense Exh. 228 (Title III Warrant).
[52] Dkt 803 at 11–12, 44, 47–48.
[53] Dkt. 811 at 63.

Numerous times, the Magistrate Judge prompted the Government to make a more tailored recommendation of the evidence warranting suppression.[54] The Government chose not to do so before the Magistrate Judge and, similarly, has not done so before this Court.[55] With such a showing by the Government, and upon review of the record, the Court determines that all evidence derived from the investigation must be suppressed.

   D. Conclusion

For those reasons the Court holds that, as to Powers, the fruits of the entire investigation beginning on May 6, 2020, must be suppressed. The Court **ACCEPTS and ADOPTS without modification** the Second Revised Final R&R at Docket 811. The Court **GRANTS** the Motion at Docket 614 as to Powers *only* and **DENIES** the Motion as to Keoni Bischoff. In light of this Order, **the Government should be prepared to inform the Court at the Final Pretrial Conference scheduled for October 1, 2025, whether they intend to proceed to trial on November 3, 2025, as to Powers.**

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: September 30, 2025.

---

[54] Dkt. 811 at 59, 65.
[55] *See generally* Dkt. 813.